IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHERMAN L. WILLIAMSON | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. JKB-11-435 |
| STATE OF MARYLAND<br>STATE ATTORNEY GENERAL | * | |
| WARDEN G. HURSTENBURG | * | |
| Defendants. | * | |
| | *** | |

## **MEMORANDUM**

On February 16, 2011, the court received for filing this 42 U.S.C. § 1983 civil rights action. Plaintiff, who is currently confined at the Jessup Pre-Release Unit, seemingly takes issue with his state court conviction, alleging that he was falsely accused by his former girlfriend and he entered an *Alford*[1] plea on the advice of his attorney. Plaintiff also appears to claim that the evidence was solely based upon "hearsay" arising out of a line up and that alibi and exculpatory evidence regarding his former girlfriend's family and witness testimony was never brought before the state court. ECF No. 1. Plaintiff seeks $30,000,000.00 in damages and a "clean record." Because he appears indigent, plaintiff's motion to proceed *in forma pauperis* shall be granted.

The court observes that plaintiff simultaneously filed a 28 U.S.C. § 2254 petition for habeas corpus relief. *See Williamson v. Hurstenburg, et al.*, Civil Action No. JKB-11-436 (D. Md.). The petition shows that he was convicted of a handgun offense in the Circuit Court for Baltimore City in

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) (there is no constitutional obstacle to acceptance of the guilty plea of a defendant who, despite his or her voluntary and knowing consent to the imposition of criminal sanctions, continues to profess innocence, so long as the prosecution's evidence demonstrates a strong factual basis for the plea.)

May of 2003, and all subsequent appeals were unsuccessful. *Id*. at ECF No. 1. Plaintiff remains confined on his conviction.

Plaintiff's claims are inextricably interwoven with the constitutionality of his criminal charges and conviction. Consequently, this § 1983 complaint for damages shall be summarily dismissed without prejudice. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, a § 1983 claimant cannot recover damages for alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he first proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] *See Heck*, 512 U.S. at 486-87.

Here, plaintiff's self-represented damage claims directly relate to the constitutionality of his state conviction and success in this civil rights action would vitiate the legality of that conviction. Thus, his civil rights claims may not proceed at this time under *Heck*.

For the aforementioned reasons, this action shall be dismissed without prejudice. A separate Order follows.

Date: February 24, 2011                        /s/ _____
                                               James K. Bredar
                                               United States District Judge

---

[2] Section 1983 relief does, however, remain available where success in the civil rights suit would not necessarily invalidate the legality of (not previously invalidated) state confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-81 (2005) (*Heck* inapplicable to constitutional 42 U.S.C. § 1983 challenges to state parole procedures, as success does not mean immediate release and does not lie "at the core of habeas corpus"); *Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005) (prisoner's 42 U.S.C. § 1983 damage claim for illegal extradition does not imply that his criminal judgment is invalid).